# CT Corporation

**Service of Process
Transmittal**
05/11/2010
CT Log Number 516611938

**RECEIVED**

**TO:**   Georgia-Pacific Law Dept. Service of Process
Georgia-Pacific LLC
133 Peachtree St. NE
Atlanta, GA 30303

MAY  1 2  2010

**RE:**   **Process Served in Georgia**

**FOR:**   Georgia-Pacific LLC (Domestic State: DE)

**G-P LAW DEPARTMENT
CASE CONTROL GROUP**

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Loryn Daygon, etc., Pltf. vs. Georgia-Pacific LLC, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint and Jury Demand, Certificate, Attachment, Track Assignment Notice, Civil Case Information Statement Form(s) |
| **COURT/AGENCY:** | Superior Court of New Jersey Law Division, . Case # MRS-L-1470-10 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Regarding damages Pltf. sustained as a result of the malfunction paper towel dispenser - Seeking judgment against Dft. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/11/2010 at 12:23 |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date you received the summons |
| **ATTORNEY(S) / SENDER(S):** | Jennifer M. Perez<br>Kearns & Duffy, P.C.<br>3648 Valley Road<br>Liberty Corner, NJ 07938<br>908-647-7773 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791527822743<br>Image SOP<br>Email Notification, Georgia-Pacific Law Dept. Service of Process GPLAWSOP@GAPAC.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Terence Hardley<br>1201 Peachtree Street,N.E.<br>Atlanta, GA 30361<br>404-965-3840 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**KEARNS & DUFFY, P.C.**
*3648 VALLEY ROAD, P.O. BOX 56*
*LIBERTY CORNER, NEW JERSEY 07938*
*(908) 647-7773*
*ATTORNEYS FOR* PLAINTIFF
OUR FILE NO.:    6936

RECEIVED

MAY 12

G-P LAW DEPARTMENT
CASE CONTROL GROUP

| | |
|---|---|
| LORYN DAYGON t/a CHEF LORYN'S, by her subrogee, THE CUMBERLAND INSURANCE GROUP, | SUPERIOR COURT OF NEW JERSEY MORRIS COUNTY LAW DIVISION |
| Plaintiff(s), | DOCKET NO.: MRS-L-1470-10 |
| v. | *Civil Action* |
| GEORGIA-PACIFIC LLC, ABC CORPS. 1-10; JOHN DOES 1-10 and XYZ INSURANCE COMPANIES, | **SUMMONS** |
| Defendant(s). | |

From The State of New Jersey To The Defendant(s) named above:    **GEORGIA-PACIFIC, LLC**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or the plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

*/s/ Jennifer M. Perez*
JENNIFER M. PEREZ
Clerk of the Superior Court

DATED: May 4, 2010

Name of Defendant to Be served:        **GEORGIA-PACIFIC, LLC**
Address of Defendant to Be Served:     133 Peachtree Street, N.E., Atlanta, Georgia 30303

**ATLANTIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, N.J. 08401
LAWYER REFERRAL
609-345-3444
LEGAL SERVICES
609-348-4200

**BERGEN COUNTY**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center, 10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
201-488-0044
LEGAL SERVICES
201-487-2166

**BURLINGTON COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, N.J. 08060
LAWYER REFERRAL
609-261-4862
LEGAL SERVICES
800-496-4570

**CAMDEN COUNTY**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Record
101 South Fifth Street
Camden, N. J. 08103
LAWYER REFERRAL
856-964-4520
LEGAL SERVICES
856-964-2010

**CAPE MAY COUNTY**
Deputy Clerk of the Superior Court
Central Processing Office
9 N. Main Street
Box DN-209
Cape May Courthouse, N.J. 08210
LAWYER REFERRAL
609-463-0313
LEGAL SERVICES
609-465-3001

**CUMBERLAND COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Sts., P.O. Box 615
Bridgeton, N. J. 08302
LAWYER REFERRAL
856-692-6207
LEGAL SERVICES
856-451-0003

**ESSEX COUNTY**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, N.J. 07102
LAWYER REFERRAL
973-622-6207
LEGAL SERVICES
973-624-4500

**GLOUCESTER COUNTY**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street, P.O. Box 750
Woodbury, N.J. 08096
LAWYER REFERRAL
856-848-4589
LEGAL SERVICES
856-848-5360

**HUDSON COUNTY**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House - 1st Floor
583 Newark Avenue
Jersey City, N.J. 07306
LAWYER REFERRAL
201-798-2727
LEGAL SERVICES
201-792-6363

**HUNTERDON COUNTY**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, N.J. 08862
LAWYER REFERRAL
908-263-6109
LEGAL SERVICES
908-782-7979

**MERCER COUNTY**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad St., P.O. Box 8068
Trenton, N.J. 08650
LAWYER REFERRAL
609-585-6200
LEGAL SERVICES
609-695-6249

**MIDDLESEX COUNTY**
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, N. J. 08903-2633
LAWYER REFERRAL
732-828-0053
LEGAL SERVICES
732-249-7600

**MONMOUTH COUNTY**
Deputy Clerk of the Superior Court
71 Monument Park
P.O. Box 1262
Court House, East Wing
Freehold, N. J. 07728-1262
LAWYER REFERRAL
732-431-5544
LEGAL SERVICES
732-866-0020

**MORRIS COUNTY**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, N.J. 07963-0910
LAWYER REFERRAL
973-267-5882
LEGAL SERVICES
973-285-6911

**OCEAN COUNTY**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, N.J. 08754
LAWYER REFERRAL
732-240-3666
LEGAL SERVICES
732-341-2727

**PASSAIC COUNTY**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, N.J. 07505
LAWYER REFERRAL
973-278-9223
LEGAL SERVICES
973-523-2900

**SALEM COUNTY**
Deputy Clerk of the Superior Court
92 Market St. P.O.Box 18
Salem, N.J. 08079
LAWYER REFERRAL
856-678-8363
LEGAL SERVICES
856-451-0003

**SOMERSET COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Fl.
P.O. Box 3000
Somerville, N.J. 08876
LAWYER REFERRAL
908-685-2323
LEGAL SERVICES
908-231-0840

**SUSSEX COUNTY**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, N.J. 07860
LAWYER REFERRAL
973-267-5882
LEGAL SERVICES
973-383-7400

**UNION COUNTY**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, N.J. 07207-6073
LAWYER REFERRAL
908-353-4715
LEGAL SERVICES
908-354-4340

**WARREN COUNTY**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, N.J. 07823-1500
LAWYER REFERRAL
908-387-1835
LEGAL SERVICES
908-475-2010

MORRIS COUNTY
SUPERIOR COURT
COURT STREET
MORRISTOWN      NJ 07960

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (973) 656-4100
COURT HOURS

                    DATE:    APRIL 30, 2010
                    RE:      DAYGON VS GEORGIA-PACIFIC LLC
                    DOCKET:  MRS L -001407 10

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON W H. DUMONT

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (973) 656-4103.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                         ATTENTION:
                              ATT: MICHAEL C. VACCARO
                              KEARNS & DUFFY
                              3648 VALLEY RD
                              PO BOX 56
                              LIBERTY CORNER   NJ 07938

JUJKEL

Appendix XII-B1

| | | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
|  | **CIVIL CASE INFORMATION STATEMENT** (CIS) Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1 **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | PAYMENT TYPE: ☐CK ☐CG ☐CA CHG/CK NO. AMOUNT: OVERPAYMENT: BATCH NUMBER: |

| ATTORNEY / PRO SE NAME MICHAEL C. VACCARO | | TELEPHONE NUMBER (908) 647-7773 | COUNTY OF VENUE Morris |
|---|---|---|---|
| FIRM NAME (if applicable) KEARNS & DUFFY, P.C. | | | DOCKET NUMBER (when available) L-1407-10 |
| OFFICE ADDRESS 3648 Valley Road, P.O. Box 56 Liberty Corner, New Jersey 07938 | | | DOCUMENT TYPE COMPLAINT |
| | | | JURY DEMAND  ■ YES   ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) Loryn Daygon t/a Chef Loryn's, by her subrogee, The Cumberland Insurance Group, Plaintiff | CAPTION Loryn Daygon t/a Chef Loryn's, by her subrogee, The Cumberland Insurance Group v. Georgia-Pacific LLC, et als. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing) 606 | IS THIS A PROFESSIONAL MALPRACTICE CASE?          ☐ YES   ■ NO IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?          ☐ YES          ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?          ☐ YES          ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)          ☐ NONE          ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | | |
|---|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?          ☐ YES          ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR          ☐ OTHER (explain) ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | | ☐ YES          ■ No |

| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION |
|---|
|  |

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?          ☐ YES          ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?          ☐ YES          ■ No | IF YES, FOR WHAT LANGUAGE? |

| I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b). |
|---|
| ATTORNEY SIGNATURE: |



Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
506  PIP COVERAGE
510  UM or UIM CLAIM
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
999  OTHER (Briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603  AUTO NEGLIGENCE – PERSONAL INJURY
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
280  Zelnorm
285  Stryker Trident Hip Implants
288  Prudential Tort Litigation

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

Please check off each applicable category
☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

**KEARNS & DUFFY, P.C.**
*3648 Valley Road, P.O. Box 56*
*Liberty Corner, New Jersey 07938*
*(908) 647-7773*
*Attorneys for* Plaintiffs
Our File No.: 6936

| | |
|---|---|
| LORYN DAYGON t/a CHEF LORYN'S. by her subrogee, THE CUMBERLAND INSURANCE GROUP, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MORRIS COUNTY |
| Plaintiff(s), | DOCKET NO.: L-1407-10 |
| v. | *Civil Action* |
| GEORGIA-PACIFIC LLC, ABC CORPS. 1-10; JOHN DOES 1-10 and XYZ INSURANCE COMPANIES, | **COMPLAINT and JURY DEMAND** |
| Defendant(s). | |

Plaintiff, Loryn Daygon t/a Chef Loryn's, by her subrogee, The Cumberland Insurance Group, having a place of business located at P.O. Box 556, Bridgeton, New Jersey 08302, by way of complaint against defendants, Georgia-Pacific LLC, with a place of business located at 133 Peachtree Street, N.E., Atlanta, Georgia 30303; ABC Corps. 1-10; John Does 1-10 and XYZ Insurance Companies, alleges as follows:

## FIRST COUNT

1.     At all times relevant hereto, plaintiff, The Cumberland Insurance Group, did insure a business owned by Loryn Dagon t/a Chef Loryn's, located at 250 Main Street in Madison, New Jersey 07940 (hereinafter "Chef Loryn's). The Cumberland Insurance Group did pay a claim for property damage caused and thereby has become subrogated to the rights of said Chef Loryn's.

2.     At all times relevant herein, defendant, Georgia-Pacific LLC, was and is a limited liability company authorized to do business in the State of New Jersey who put their product in the stream of commerce in the State of New Jersey.   Defendant, Georgia-Pacific LLC, (hereinafter "Georgia-Pacific) held themselves out to be a business competent in the design and manufacture of a paper towel dispenser and/or their component parts.

3.     At all times relevant herein, the defendants, ABC Corps. 1-10, John Does 1-10 and XYZ Insurance Companies were and are unidentified owners, contractors and/or persons and companies involved in the design, manufacture, distribution, sale, installation and/or repair of said paper towel dispenser and/or their component parts.

4.     At all times relevant hereto, the defendants were under a duty to fully and properly control, inspect, maintain, repair and otherwise install its products in a safe manner, such as would reasonably provide for the protection and safety of persons who would be utilizing these products and more particularly, the plaintiff herein, and reasonably provide for the preservation of personal property in and about said products.

5.     On or about March 27, 2010, the Georgia-Pacific paper towel malfunctioned causing a fire to ignite, causing severe and significant property damage to plaintiff's insureds' properties.

6.     As a direct and proximate result of the malfunction of the Georgia-Pacific paper towel dispenser, the plaintiff's insured sustained severe and significant property damage to her business.

7.     The defendant impliedly warranted that the subject paper towel dispenser was fit

2

for its intended purpose, the purpose for which it was designed, that it was a safe and suitable appliance to be used by plaintiff's insured.

8.      In purchasing and using the Georgia-Pacific paper towel dispenser, plaintiff's insured relied on defendant's skill and judgment in the implied warranty of fitness for use.

9.      The Georgia-Pacific paper towel dispenser was, in fact, not fit for use for its intended purpose and as a result the defendant's breached their warranty of fitness for use, causing plaintiff's insured to sustain severe and significant property damage.

**WHEREFORE**, plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

## SECOND COUNT

1.      Plaintiff repeats each and every allegation contained in the First Count as if fully set forth herein at length.

2.      Defendants expressly and/or impliedly warranted and represented to the plaintiff's insured and all foreseeable users that the paper towel dispenser was of merchantable quality and was safe and fit for ordinary purposes and uses.

3.      Plaintiff's insured relied upon the defendants' express and/or implied warranties of merchantability and fitness for a particular purpose.

4.      The warranties and representations by the defendants were false, misleading, inaccurate and otherwise untrue and the paper towel dispenser was not of merchantable quality and was in fact defective.

5.      By reason of the foregoing, defendants breached their implied warranty of

3

merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58c-1 et seq.

6.   As a direct and proximate result of the aforementioned breach of warranties, plaintiff's insured was caused to sustain extensive property damage to her business.

**WHEREFORE,** plaintiff demands judgment against the defendants for compensatory damages, together with interest, statutory attorney's fees and costs of suit.

**THIRD COUNT**

1.   Plaintiff repeats each and every allegation contained in the First and Second Counts as if fully set forth herein at length.

2.   At all times relevant hereto, defendants, Georgia-Pacific, ABC Corps. 1-10, John Does 1-10 and XYZ Insurance Companies, were in the business of manufacturing, designing, selling and/or otherwise operating a business that sold and placed into the stream of commerce a Georgia-Pacific paper towel dispenser and/or its component parts.

3.   At all times relevant hereto, defendants were under a duty to fully and properly control, inspect, maintain, repair and otherwise sell its products, with specific reference to paper towel dispensers and/or its component parts, in a safe manner, such as would reasonably provide for the protection and safety of persons that would be sold or would utilize these products and, more particularly, the plaintiff's insured.

4.   As a direct and proximate result of the defective Georgia-Pacific paper towel dispenser and/or its component parts placed into the stream of commerce by the defendants, plaintiff's insured sustained serious property damage.

4

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

## FOURTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First, Second and Third Counts as if fully set forth herein at length.

2.     By reason of the defective, careless and negligent design, manufacture, repair, assembly, construction, distribution, installation and sale into the stream of commerce of this defective Georgia-Pacific paper towel dispenser and/or its component parts, defendants are liable in strict products liability to the plaintiff and pursuant to the provisions of N.J.S.A. 2A:58C-1 et seq.

3.     The plaintiff's insured was within the ambit and class of foreseeable users of this product and/or its component parts.

4.     As a direct and proximate result of the aforesaid negligence and carelessness of the defendants, plaintiff's insured was caused to sustain severe property damage.

**WHEREFORE**, plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

## FIFTH COUNT

1.     Plaintiff repeats each and every allegation contained in the First, Second, Third and Fourth Counts as if fully set forth herein at length.

5

2.      Defendants expressly and/or impliedly warranted and represented to the plaintiff and all foreseeable users that the Georgia-Pacific paper towel dispenser and/or its component parts were of merchantable quality and were safe and fit for its ordinary purposes and uses.

3.      Plaintiff's insured relied upon the defendants expressed and/or implied warranties of merchantability and fitness for a particular purpose.

4.      The warranties and representations by the defendants were false, misleading, inaccurate and otherwise untrue and the Georgia-Pacific and/or its component parts were not of merchantable quality and were, in fact, defective.

5.      By reason of the foregoing, defendants breached their implied warranty of merchantability and fitness for a particular purpose and all other pertinent provisions of N.J.S.A. 2A:58C-1 et seq.

6.      As a direct and proximate result of the aforementioned breach of warranties, plaintiff's insured was caused to sustain severe property damage.

**WHEREFORE,** plaintiff demands judgment for compensatory and consequential damages against the defendants jointly, severally and in the alternative, together with interest, statutory attorney's fees, and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to <u>Rule</u> 4:25-4, Michael C. Vaccaro, Esq., is hereby designated as trial counsel on behalf of plaintiffs.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

6

## NOTICE PURSUANT TO RULE 1:5-1(a) AND RULE 4:17-4(c)

Take notice that the undersigned attorney does hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c), that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories received from any other party, including documents, papers, deposition transcripts and other material referred to therein, upon the undersigned attorney. Take notice that this is a continuing demand.

## DEMAND FOR INTERROGATORY ANSWERS

Pursuant to Rule 4:17-1(b)(1), demand is hereby made for the defendants to answer Product Liability Interrogatories pursuant to the Court Rules.

## CERTIFICATION

Pursuant to R. 4:5-1, this is to certify that, to the best of our knowledge, this matter is not subject of any other action pending in any court or arbitration proceeding and none is contemplated and confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

KEARNS & DUFFY, P.C.
Attorney for Plaintiffs

Dated: April 26, 2010

By: _____
MICHAEL C. VACCARO

7